U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South Fifth Street, Suite 400
Philadelphia, PA 19106-2515
Rachel M. Smith
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | ) ) | |
| Plaintiff, | ) | Civil Action No. 04-1309 (KAJ) |
| v. | ) ) | **CONSENT DECREE** |
| | ) ) | |
| **INITIAL SECURITY,** | ) ) | |
| Defendant. | ) | |

## INTRODUCTION

A.   This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") on or about September 28, 2004, against Initial Security under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 ("Title VII"). The EEOC alleged that Defendant Initial Security, ("Initial Security" or "Defendant"), discriminated against William Spikes because of his race, Black, when Defendant paid him a lower hourly wage than a similarly-situated White Site Supervisor. The Commission further alleges that after Mr. Spikes complained of race discrimination about the disparity in pay, he was abruptly terminated from his employment on September 10, 2002. As a result of the discriminatory treatment and his retaliatory termination, Mr. Spikes suffered income losses as well as emotional distress damages.

1

B.  This Consent Decree is entered into by the EEOC and Defendant Initial Security. This Consent Decree shall be final and binding between the EEOC and Defendant Initial Security, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it, (hereinafter collectively referred to as ("Initial Security" or "Defendant").

C.  The Commission and Defendant do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 04-CV-1309. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as a violation of Title VII by Defendant, which has denied all liability.

## CONSENT DECREE

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

### NON-DISCRIMINATION AND NON-RETALIATION

1.  This Court has jurisdiction over the parties and the subject matter of this action.

2.  Defendant agrees that it will not discriminate on the bases of race and/or retaliation.

3.  Defendant shall not divulge, directly or indirectly, except as required by law, to any employer or potential employer of William Spikes, any of the facts or circumstances related to the charge of discrimination against Defendant, or any of the events relating to his participation in the litigation of this matter.

4.  Initial Security shall expunge from the personnel file of William Spikes any documents, pleadings, correspondence and related papers pertaining to the charge of discrimination filed by Mr. Spikes with the Commission.

5.      Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Initial Security in the future.

## MONETARY RELIEF

6.      Defendant agrees to pay monetary relief in the total amount of $55,000 to William Spikes, in full settlement of the claims against Defendant which were raised in the Commission's Complaint. The parties agree that this amount shall be designated as compensatory damages for tax reporting purposes. Notification to the IRS shall be made by a Form 1099. The check shall be mailed to William H. Spikes, 95 Anderson Drive, Salem, New Jersey 08079 by certified mail, return receipt requested. Defendant will mail a photocopy of the check to the EEOC, to the attention of Rachel M. Smith, Trial Attorney, EEOC, The Bourse, 21 South Fifth Street, Suite 400, Philadelphia, PA 19106-2515, within five days of the date of mailing of the check to Mr. Spikes, Esq. In order to receive the monetary relief, Mr. Spikes must first execute a release which will be forwarded by Initial Security to Mr. Spikes. The settlement check will be paid within ten business days of the date Defendant receives the Release executed by Mr. Spikes.

## POSTING OF NOTICE

7.      Within ten (10) business days after entry of this Decree, or as soon as practicable, Initial Security shall post same-sized copies of the Notice attached as Exhibit 2 to this Decree on the bulletin boards located at its branch office in Newport, Delaware. The notice shall remain posted for two (2) years from the date of entry of this Decree. Counsel for Initial Security shall provide a copy of the Notice, and an indication of the date and location of its posting, to the EEOC's Philadelphia District Office, attention, Rachel Smith, Trial Attorney, within ten (10)

days of the posting. Defendant shall permit a representative of the EEOC to enter Defendant's Newport, DE premises for purposes of verifying compliance with this Paragraph at any time during normal business hours upon reasonable notice. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Should the posted copies become defaced, removed, marred, or otherwise illegible, Initial Security agrees to as soon as practicable post a readable copy in the same manner as hereto specified.

**NON-DISCRIMINATION AND ANTI-HARASSMENT COMPLAINT PROCEDURES**

8. Initial Security's policy or policies against discrimination and retaliation and complaint procedures shall be drafted in plain and simple language. Initial Security shall ensure that its policy or policies against discrimination and retaliation and related complaint procedures meet the following minimum criteria:

(a) Include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy or policies against discrimination and retaliation, which shall meet the following minimum criteria: (i) provide effective mechanism(s) for reporting incidents of discrimination and retaliation; (ii) provide that the complaints of discrimination and/or retaliation can be made either in writing or verbally; (iii) identify employees to whom an employee can make a complaint; (iv) encourage prompt reporting by employees; and (vii) provide assurances that complainants shall not be subjected to retaliation;

(b) Provide for prompt investigation of complaints of discrimination and/or retaliation;

(c) Provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed; and

(d) Provide for discipline up to and including discharge of an employee or supervisor violates Initial Security' policy or policies against discrimination and retaliation, and for discipline of repeat offenders.

9. Initial Security shall distribute to all of its employees and newly-hired employees at its New Castle County, Delaware facilities, its policy or policies against discrimination and retaliation within 90 days after entry of this Consent Decree.

10. Within 90 days after entry of this Consent Decree, Initial Security shall advise Rachel M. Smith, Trial Attorney, EEOC's Philadelphia District Office, that its policy or policies against discrimination and retaliation have been distributed to new employees via paycheck enclosure. Initial Security will retain copies of any acknowledgment of receipt form for an employee in the employee's personnel file.

## **TRAINING**

11. Defendant shall provide training on the requirements of Title VII on the following terms:

a. Defendant agrees to provide annual training sessions to all if its managers and supervisors who work at its New Castle County, DE facilities by a trainer or vendor approved by the EEOC to provide training on an employee's rights under Title VII, and the employer's obligations under Title VII, with an emphasis on what constitutes unlawful and differential treatment of minority employees in the workplace, how to keep Defendant free of such forms of discrimination, and what constitutes unlawful retaliation;

b. Each training session will include a live presentation by Initial Security's local branch manager, emphasizing Initial Security' commitment to prevent discrimination;

c.     Defendant shall first provide training in accordance with Paragraph 11(a) by no later than December 31, 2005. Defendant shall then also provide such training on at least one occasion in calendar year 2006.

12.    The annual training shall be provided by EEOC staff or Defendant shall obtain the EEOC's approval of its proposed trainer prior to each year's set of training sessions. Initial Security shall submit the name, address, telephone number and curriculum vitae /resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. The Commission shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event the EEOC does not approve Defendant's designated trainer(s), Defendant Initial Security shall have ten (10) calendar days to identify an alternate trainer. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event the Commission does not approve Defendant's alternate trainer, the Commission shall designate the trainer to be retained and paid for by Initial Security. Initial Security shall have ten (10) calendar days from receipt of the Commission's recommendation to accept or reject the alternate trainer.

13.    Defendant agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. Even though the Commission has approved of or designated a trainer to provide training for one year, it is not required to approve of or designate the same trainer for future training sessions.

14. Initial Security shall certify to the EEOC in writing within fifteen (15) business days after the training sessions have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, including temporary employees, as of the date of the training.

## DISPUTE RESOLUTION

15. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

16. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

17. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant in their capacities as representatives, agents, directors and officers of Initial Security, and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

18. This Consent Decree shall fully and finally resolve all claims which were raised by

the EEOC in its Complaint in Civil Action No. 04-CV-1309.

19. This Consent Decree shall be filed in the United States District Court for the District of Delaware and shall continue to be in effect for a period of two (2) years. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

20. The Court retains jurisdiction over this case for a period of two years in order to enforce the terms of the Consent Decree.

                COLM F. CONNOLLY
                United States Attorney

By: _____
    Patricia C. Hannigan
    Assistant United States Attorney
    Delaware Bar I.D. No. 2145
    The Nemours Building
    1007 Orange Street, Suite 700
    P. O. Box 2046
    Wilmington, Delaware 19899-2046
    (302) 573-6277

| For Plaintiff EEOC: | For Defendant Initial Security |
|---|---|
| | */s/ Tanya Salgado*<br>Tanya Salgado, Esq.<br>White & Williams, LLP<br>1800 One Liberty Place<br>Philadelphia, PA 19103-7395 |
| James L. Lee<br>Deputy General Counsel | |
| Gwendolyn Young Reams<br>Associate General Counsel<br>Washington, D.C.<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
| | */s/ Frank Noyes*<br>Frank Noyes, Esq.<br>White and Williams, LLP<br>824 Market Street<br>P.O. Box 709<br>Wilmington, DE 19801 |
| */s/ Jacqueline H. McNair*<br>Jacqueline H. McNair<br>Regional Attorney | |
| */s/ Judith A. O'Boyle*<br>Judith A. O'Boyle<br>Supervisory Trial Attorney | |
| */s/ Rachel M. Smith*<br>Rachel M. Smith<br>Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Philadelphia District Office<br>21 S. 5th Street, Suite 400<br>Philadelphia, PA 19106 | |

**IT IS ORDERED:**

**BY THE COURT:** _____        DATE: _____

HONORABLE KENT A JORDAN
UNITED STATES DISTRICT JUDGE

# Exhibit 1

## EXHIBIT 1

### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                      Plaintiff,<br><br>v.<br><br>INITIAL SECURITY,<br><br>                      Defendant. | Civil Action No. 04-1309 (KAJ) |

### RELEASE

Pursuant to the terms of the Consent Decree entered into by the Equal Employment Opportunity Commission ("EEOC") and Initial Security in the above-captioned case, I, William Spikes, do hereby waive, remit, release and forever discharge Initial Security, its subsidiary companies, and any and all of the officers, directors, agents, employees, and members of such entities from any and all claims, demands or causes of action under Title VII, arising from any right or entitlement now existing until the date of execution of this Release for facts arising from or allegations made in <u>EEOC v. Initial Security</u> Civil Action No.04-cv-1309, based on claims of discrimination, occurring prior to this date. This Release is freely executed in return for the good and valuable consideration set forth in the above-referenced Consent Decree.

Date: 9/20, 2005      SIGNATURE: _William Spikes_

Sworn to and Subscribed
Before me this 20th day
of September, 2005.

_Frances M. Hobson_
NOTARY PUBLIC

My Commission Expires: 2/25/2008



OFFICIAL SEAL
FRANCES M. HOBSON
NOTARY PUBLIC – NEW JERSEY
My Comm. Expires Feb. 25, 2008

# Exhibit 2

## EXHIBIT 2

## NOTICE TO ALL INITIAL SECURITY EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in EEOC, v. Initial Security Civil Action Number 04-1309 (D.DE ), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Initial Security ("Initial Security").

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as opposing employment practices believed to be discriminatory, filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is a federal agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce Title VII.

In its lawsuit, the EEOC alleged that Initial Security discriminated against an employee because of his race, Black, when Defendant paid him a lower hourly wage than a similarly-situated Caucasian Supervisor, and that Defendant retaliated against him. Initial Security denies these allegations.

To resolve the case, Initial Security and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) Initial Security paid monetary relief; (2) Initial Security will not discriminate on the basis of race; (3) Initial Security will not retaliate against any person because she or he opposed any practice made unlawful by Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and (4) Initial Security will train all employees at all of its New Castle County, Delaware facilities regarding race discrimination and Initial Security's policy prohibiting race discrimination.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.**

By: _____        By: _____
For:  Equal Employment Opportunity    For:   Initial Security
      Commission